# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

VICTORIA JEFFORDS, as administrator )
of the Estate of Donald Jeffords, )
                                                        )
        Plaintiff, )
                                                        )
        v. )               CAUSE NO.: 2:15-CV-55-TLS
                                                        )
BP PRODUCTS NORTH AMERICA, )
et al., )
                                                        )
        Defendants. )

## OPINION AND ORDER

Before the Court are Defendant Link-Belt Construction Equipment Company's Motion for Summary Judgment [ECF No. 60], Estate Plaintiff Victoria Jeffords's Rule 56 Motion to Strike Defendants' Memorandum of Law in Opposition to the Plaintiff's Notice of Non-Opposition [ECF No. 80], and Defendants BP Corporation North America Inc., and MC Industrial ("MCI"), Inc.'s Motion for Leave to File Nonparty Affirmative Defense [ECF No. 83]. The parties have informed the Court that the pending Motions are ripe for ruling.

## FACTS AND PROCEDURAL HISTORY OF THIS CASE

On May 4, 2013, Donald Jeffords was injured while "performing his work duties on a Link-Belt Crane" at the BP site in Whiting, Indiana. (Compl. ¶ 6, ECF No. 6.) Mr. Jeffords died on October 31, 2015, before his deposition was taken or his testimony could be preserved. (*See* Jeffords Obituary 4, ECF No. 61-1.) Victoria Jeffords, the Estate Plaintiff, filed this lawsuit in the Lake Circuit Court on December 22, 2014 [ECF No. 6], alleging state law claims for negligence against the Defendants.[1] The claims presented a theory of premises liability as to

---

[1] Unless otherwise specified, the use of the term "Defendants" throughout this Order collectively refers to Defendants BP, MCI, and Link-Belt. While Defendant Fluor Constructors International, Inc.—"a

Defendants BP, MCI, and Fluor Constructors (*id.* ¶¶ 7–11), and a theory of products liability as to Defendant Link-Belt (*id.* ¶¶ 12–17). On February 12, 2015, the case was removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, based upon the diversity of the parties' citizenship and the amount in controversy. [*See* ECF No. 1.]

The Defendants filed two separate Motions for Summary Judgment—one by Defendants BP and MCI, the other by Defendant Link-Belt—on the grounds that the Estate Plaintiff had proffered no evidence that the Defendants proximately caused Mr. Jeffords's injuries. On August 22, 2016, the Estate Plaintiff moved for an Extension of Time to File a Response/Reply to Defendants BP and MCI's Motion [ECF No. 64], but did not seek an extension of time to file a response as to the other Motion.[2] Instead, the Estate Plaintiff filed a Notice of Agreement of Non-Opposition to Defendant Link-Belt's Motion [ECF No. 78] on November 22, 2016, and attached Email Correspondence [ECF No. 78-1] with Defendant Link-Belt's attorney in which they stated:

> Plaintiff will not challenge Link-Belt's pending Motion for Summary Judgment by foregoing the filing of a response, and Link-Belt will forego any claim for attorney fees and costs. In order to accomplish this agreement, Plaintiff will simply not file a response, and Link-Belt will simply file a short reply requesting entry of summary judgment due to the lack of a filed response . . . .

(Email 1, ECF No. 78-1.)[3] This Notice of Non-Opposition led Defendants BP and MCI to file a Memorandum of Law in Opposition to the Plaintiff's Notice of Non-Opposition [ECF No. 79], on December 2, 2016. In their Memorandum, they argued that if summary judgment was entered

---

foreign corporation licensed to do business in Indiana"—is also named in the Complaint (Compl. ¶ 5), they have not joined in any of the pleadings currently before the Court.

[2] On March 31, 2017, Magistrate Judge John Martin granted the Plaintiff an extension until August 1, 2017, to file a response brief as to Defendants BP and MCI's Motion for Summary Judgment. [ECF No. 90]. The Court's Order only concerns the Motion for Summary Judgment that Defendant Link-Belt filed.

[3] The Court thinks that this "Short Reply" was docketed as Defendant Link-Belt's Notice of Non-Opposition to Defend Link-Belt's Motion for Summary Judgment [ECF No. 77], on November 17, 2016.

in favor of Defendant Link-Belt, then the Court would also be required to enter summary judgment in their favor. In the event that the Court voluntarily dismissed Defendant-Link Belt alone, they moved in the alternative for leave to file a non-party affirmative defense as to Defendant Link-Belt.

On December 9, 2016, the Estate Plaintiff filed a Rule 56 Motion to Strike Defendants BP and MCI's Memorandum [ECF No. 80]. She argued that they had no standing to oppose Defendant Link-Belt's attempts to exit the case on summary judgment, that their Memorandum was untimely filed, and that their request for alternative relief violated the Northern District of Indiana Local Rules. Defendants BP and MCI's Opposition to the Plaintiff's Rule 56 Motion [ECF No. 84] was filed on December 20, 2016, and the Estate Plaintiff's Reply [ECF No. 85] was entered on December 23, 2016. Also on December 20, 2016, Defendants BP and MCI moved for leave to file a non-party affirmative defense. [ECF No. 83.] The Estate Plaintiff's Response to the Defendant's Motion for Leave to File [ECF No. 86] was entered on December 23, 2016. Finally, in a telephonic conference held on January 25, 2017, the parties informed this Court that briefing was completed on all the aforementioned pending Motions.

## STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*,

652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

## JURISDICTION

This Court has diversity jurisdiction over this suit because the parties are completely diverse. 28 U.S.C. § 1332. The Estate Plaintiff is a citizen of Indiana, Defendant BP is incorporated in Maryland and has its principal place of business in Illinois, Defendant MCI is incorporated in Missouri and has its principal place of business there as well, Defendant Fluor Constructors is incorporated in California and has its principal place of business in Texas, and Defendant Link-Belt and its partners are all formed under the laws of Delaware with their principal place of business in Kentucky.[4] (Notice of Removal 1–2, ECF No. 1.) The injuries

---

[4] The Defendants state that "Defendant Link-Belt Construction Equipment Company, L.P., LLLP, [was] improperly sued as 'Link-Belt Construction Equipment Company.'" (Removal 2.) The records that

suffered in this case exceed the amount in controversy threshold of $75,000. The matter was properly removed from state court pursuant to 28 U.S.C. §§ 1441 & 1446.

## ANALYSIS

In their Notices to the Court, the Estate Plaintiff and Defendant Link-Belt seek the entry of summary judgment in favor of Defendant Link-Belt effectively because "Link-Belt's Motion for Summary Judgment is unopposed." (Def.'s Notice of Non-Opp'n to Def.'s Mot. Summ J. 2, ECF No. 77; *see also* Pl.'s Notice of Non-Opp'n to Def.'s Mot. Summ. J. ¶ 5, ECF No. 78.) In addition, the Estate Plaintiff and Defendant Link-Belt "did not anticipate any factual findings being entered by the Court as the lack of response by the Plaintiff would subject Link-Belt's Motion for Summary Judgment to summary ruling." (Pl.'s Notice ¶ 5.) Defendants BP and MCI oppose any order by this Court that would have the effect of solely entering judgment in favor of Defendant Link-Belt.

A district court may not grant a "motion for summary judgment . . . simply because there is no opposition" filed by the nonmovant. *Wienco, Inc. v. Katahn Assocs.*, 965 F.2d 565, 568 (7th Cir. 1992) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anomina*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Rather, the "ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law," *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006), and a "district court must give its reasons *on the merits* for granting summary judgment," *Wineco*, 965 F.2d at 568 (emphasis added). Where the evidence in support of the motion for summary judgment does not establish the absence of a genuine issue of

---

the Defendants submitted in their Notice of Removal show that this oversight has no bearing on the Court's subject-matter jurisdiction. [*See* ECF Nos. 1-3, 1-4, 1-5.]

material fact, summary judgment must be denied "even if no opposing evidentiary matter is presented." *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)).

Defendants BP and MCI are correct that the Court cannot grant summary judgment in favor of a party without making factual findings. *Id.*; s*ee also* Fed. R. Civ. P. 56.[5] Further, those grounds upon which the Plaintiff moved to strike Defendants BP and MCI's Memorandum of Law are without merit,[6] and as such the Court will deny the Plaintiff's Motion. The only way in which Defendant Link-Belt may be removed from this action is either (1) a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 or (2) an entry of summary judgment, pursuant to Federal Rule of Civil Procedure 56, that includes the Court's factual findings.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Estate Plaintiff Victoria Jeffords's Rule 56 Motion to Strike [ECF No. 80]. The Court **DENIES AS MOOT** Defendants BP Corporation North America Inc. and MC Industrial, Inc.'s Motion for Leave to File Nonparty Affirmative Defense [ECF No. 83]. The Defendants are **GRANTED PERMISSION TO REFILE** their Nonparty Affirmative Defense should the Estate Plaintiff pursue a voluntary dismissal.

---

[5] Under the Federal Rules of Civil Procedure, a court "*shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a) (emphasis added); *id.* 56(e)(3) (noting that only "if the motion and supporting materials—*including the facts considered undisputed*—show that the movant is entitled to" summary judgment can the court so grant it) (emphasis added). A party "asserting that a fact cannot be . . . genuinely disputed *must* support the assertion by" citing to materials in the record, *id.* 56(c)(1) (emphasis added), and in so ordering summary judgment the court "*need* consider only the cited materials," *id.* 56(c)(3) (emphasis added). Thus, the text of the Federal Rules would appear to bar courts from granting summary judgment without making factual findings.

[6] Defendants BP and MCI opposed the Estate Plaintiff and Defendant Link-Belt's "request[ for] entry of summary judgment due to the lack of a filed response" and without the Court issuing factual findings. (Email 1.) As the Defendants do not oppose *the merits* of Defendant Link-Belt's Motion for Summary Judgment, there are no issues as to standing or the filing deadlines for responsive pleadings under the Federal Rules. And because the Court does not reach the issue of voluntarily dismissing Defendant Link-Belt, it need not consider the Local Rules claim.

Defendant Link-Belt's Motion for Summary Judgment [ECF No. 60] **REMAINS UNDER ADVISEMENT**. Should she wish, the Estate Plaintiff is given until August 1, 2017, to file any Response to Defendant Link-Belt's Motion for Summary Judgment, and Defendant Link-Belt may appropriately file a Reply thereafter.

      SO ORDERED on May 11, 2017.

                   s/ Theresa L. Springmann
                  CHIEF JUDGE THERESA L. SPRINGMANN
                  UNITED STATES DISTRICT COURT