# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VICTORIA JEFFORDS, as Administrator of the Estate of DONALD JEFFORDS, Plaintiff, | ) ) ) ) |
| v. | ) CAUSE NO.: 2:15-CV-55-TLS-JEM |
| BP PRODUCTS NORTH AMERICA INC., *et al.*, Defendants. | ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on a motion entitled "Motion for Leave to File Under Seal Certain Exhibits Filed on November 16, 2017, (Not for Public View) in Support of Plaintiff's Response in Opposition to MC Industrial Inc.'s, BP Products North America Inc.'s, and Link-Belt Constructions Equipment Company's Amended Motions for Summary Judgment" [DE 109], filed by Plaintiff on November 16, 2017. Plaintiff requests that the Court maintain under seal nineteen documents that she filed under seal [DE 112-130] as exhibits to her Response to the Defendants' Motions for Summary Judgment.[1] She represents that she distributed copies of those items to Defendants via email on that same date. Defendants have not responded to Plaintiff's Motion and the time to do so has passed.

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit has taken a strict position regarding requests to seal documents, stating that

---

[1] The documents filed under seal together constitute just 16 of the exhibits to the Motion; it appears that some exhibits were filed twice. *See* [DE 119, 120, 123, 124, 125, 126].

"what happens in the federal courts is presumptively open to public scrutiny" and "insist[ing] that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (abrogation on other grounds recognized by *RTP LLC v. ORIX Real Estate Capital, Inc.,* 827 F.3d 689 (7th Cir. 2016)). "[T]hose documents . . . that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (quoting *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002)). A court should permit the sealing of documents only if there is good cause to do so, that is, the property and privacy interests of the movant trumps the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Although discovery is generally done in secret, that "small subset of all discovery" submitted by the parties submit to influence judicial opinion is presumptively open to inspection. *Baxter Int'l*, 297 F.3d at 545. A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l*, 297 F.3d 544 at 547; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). A party's mere assertion that a document is by its terms confidential and that its publication "could harm [a party's] competitive position" is not a sufficient explanation to justify keeping the document under seal. *Baxter* at 547.

Plaintiff notes that a protective order in this case applies to various broad categories of discovery materials, and her sole argument for maintaining the sixteen exhibits under seal is that

2

they fall under the Protective Order. But a protective order cannot function as "a virtual carte blanche to [any] party to seal whatever portions of the record the party want[s] to seal." *Citizens First*, 178 F.3d at 944. Plaintiff does not otherwise justify her claim for the need for secrecy or analyze any of the applicable legal criteria. The sixteen exhibits Plaintiff proposes to seal together total over 900 pages of contracts, deposition transcripts, incident reports, and other material submitted in opposition to Defendants' motions for summary judgment. Plaintiff has provided no reason why all of that material is so sensitive that the potential harms of its release outweigh the legitimate interest of the public in accessing the proceedings of this Court.

Although Plaintiff has not demonstrated that the whole of the sixteen exhibits must be maintained under seal, it may be is appropriate to file some portions of the documents "in parallel versions—one containing all details, and another redacted version with confidential information omitted," to protect both the privacy interest of Plaintiff and the public's interest in court transparency. *Hinklin Eng'g*, 439 F.3d at 348. Plaintiff has not, however, made that request, or argued that merely redacting the sensitive information from the exhibits would afford insufficient protection to the parties' private information.

Therefore, the exhibits filed under seal will be stricken from the record and will not be considered in support of the motions for summary judgment. If Plaintiff wishes to refile the instant Motion and the designated exhibits in redacted form, she must also file a motion containing legal analysis sufficient to justify both the redactions and the sealing of the unredacted version, accompanied by a sealed, unredacted copy of the document, pursuant to Local Rule 5-2, the Federal Rules of Civil Procedure, and the procedures established in the Northern District of Indiana CM/ECF Civil & Criminal User Manual in sections IV(A)(2) & (4).

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Leave to File Under Seal Certain Exhibits Filed on November 16, 2017, (Not for Public View) in Support of Plaintiff's Response in Opposition to MC Industrial Inc.'s, BP Products North America Inc.'s, and Link-Belt Constructions Equipment Company's Amended Motions for Summary Judgment [DE 109] **with leave to refile** a renewed Motion to Seal and/or Redact that complies with the applicable legal standards.

The Court **STRIKES** the documents filed at [DE 112] through [DE 130], inclusive.

SO ORDERED this 6th day of December, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record