**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| VICTORIA JEFFORDS, as Administrator of the Estate of DONALD JEFFORDS, Plaintiff, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-55-TLS-JEM |
| BP PRODUCTS NORTH AMERICA INC., *et al.*, Defendants. | ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on BP Products North America Inc's, MC Industrial, Inc.'s, and Fluor Constructors International Inc.'s Joint Motion for Reconsideration of Plaintiff's Motion to File Certain Documents Under Seal [DE 136], filed by Defendants BP Products, MC Industrial, and Fluor Construction on December 15, 2017, and on BP Products North America Inc. and MC Industrial, Inc.'s Joint Motion to Seal [DE 148], filed by Defendants BP Products and MC Industrial on January 12, 2018. The parties request that several documents be maintained under seal.

**I.     Background**

This personal injury and products liability lawsuit was filed in state court on December 22, 2014, then removed to this Court on February 12, 2015. In September and October 2017, Defendants BP Products, MC Industrial, and Link-Belt Construction all filed motions for summary judgment, which remain pending. On November 16, 2017, Plaintiff filed a single response to the three motions for summary judgment. That day, she also filed an Appendix and Statement of Genuine Disputes and twenty-seven supporting exhibits. Eleven of the exhibits to Plaintiff's response were filed openly, as attachments to the Appendix, while the remaining sixteen exhibits were filed under seal,

together with a motion requesting leave to file them under seal. On December 6, 2017, the Court denied Plaintiff's motion because Plaintiff had not provided sufficient reasoning to maintain the exhibits under seal, and the sixteen sealed exhibits were stricken from the record.

In its Motion to Reconsider, the Moving Defendants explain that Plaintiff has communicated an intention to file those sixteen exhibits openly. The Moving Defendants oppose open filing of nine of the exhibits on the grounds that several of them contain trade secrets. On December 28, 2017, Plaintiff filed a response in which it indicated it now favors open filing of all of the exhibits, and on January 4, 2018, the Moving Defendants filed a reply.

**II.     Analysis**

Northern District of Indiana Local Rule 5-3 provides, "The clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit has taken a strict position regarding requests to seal documents, stating that "what happens in the federal courts is presumptively open to public scrutiny" and "insist[ing] that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (abrogation on other grounds recognized by *RTP LLC v. ORIX Real Estate Capital, Inc.,* 827 F.3d 689 (7th Cir. 2016)). "[T]hose documents . . . that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (quoting *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002)). A court should permit the sealing of documents only if there is good cause to do so, that is, the property and privacy interests of the movant outweigh the interests of the public in

full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

Although discovery is generally done in secret, that "small subset of all discovery" which the parties submit to influence judicial opinion is presumptively open to inspection. *Baxter Int'l*, 297 F.3d at 545. A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l*, 297 F.3d at 547; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). A party's mere assertion that a document is by its terms confidential and that its publication "could harm [a party's] competitive position" is not a sufficient explanation to justify keeping the document under seal. *Baxter Int'l.* at 547.

The Moving Defendants have no objection to the open filing of six of the documents, designated by Plaintiff as Exhibits 6, 12, 13, 14, 16, 20, and 21 to her response to the motions for summary judgment. They also have no objection to the open filing of the photographs attached to the contract at Exhibit 2. App'x, Ex 2 at 137-146 [DE 111-2]. However, the Moving Defendants contend the contracts at Exhibits 1, 2, 3, and 4 should be filed under seal, because their confidential contract terms comprise trade secrets. The Moving Defendants further contend that, because the depositions at Exhibits 5, 9, 15, 17, and 19 include references to the confidential contracts, they should either be filed under seal or the portions referencing the confidential contracts should be redacted. Plaintiff argues that the documents should be filed openly, because the neither the

3

contracts nor the depositions referring to those contracts contain trade secrets. She also notes that the Moving Defendants do not identify which portions of the depositions they believe require redaction.

Trade secrets are defined as any information that (a) derives economic and competitive value from not generally being known and (b) is subjected to reasonable efforts to maintain its secrecy. *See Cook Inc. v. Boston Sci. Corp.* 206 F.D.R. 244, 247-48 (S.D. Ind. 2001). The Moving Defendants have shown that public disclosure of contract terms, including "confidential labor rates, scope of work values and prices, and specific work processes and practices," would undermine the competitive positions in the marketplace of the Moving Defendants and their subcontractors. Additionally, the contracts themselves, while they serve an evidentiary purpose, are not central to the claims brought in this personal injury litigation, as they would be in a contract dispute. *Cf. Baxter Int'l.,* 297 F.3d at 547 (explaining that when contract terms "are vital to claims made in litigation they must be revealed"). Together, the Moving Defendants' reasons are sufficient to permit the contracts themselves to be filed under seal.

As to the deposition transcripts at Exhibits 5, 9, 15, 17, and 19, Defendants indicate that they do not object to their open filing, "as long as any sections of those transcripts discussing the contents of the aforementioned contracts . . . are either redacted or filed under seal." However, as Plaintiff points out, the Moving Defendants do not specify which pages or portions of those transcripts contain trade secrets. This bare assertion that portions of the transcripts may discuss the contracts does not suffice to justify sealing the entirety of the nine exhibits. "A document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document."

4

*Citizens First Nat. Bank*, 178 F.3d at 943. The record cannot be scrubbed of any reference to the contracts that governed the conduct of the parties to this suit. Rather, only for those portions of the deposition that actually describe confidential practices and procedures do the Moving Defendants' secrecy interests outweigh the legitimate interest of the public in court transparency.

In the Joint Motion to Seal, BP Products and MC Industrial ask the Court to seal the Appendix and Statement of Genuine Disputes filed by Plaintiff on November 16, 2017, and their forthcoming replies in support of their Motions for Summary Judgment. BP Products and MC Industrial allege that paragraphs 1 through 28 of the Appendix itself "quote significant components" of the contracts covered by the protective order and thus comprise trade secrets. As this Court explained in its Order of December 6, 2017, "a protective order cannot function as a virtual carte blanche" to seal portions of the record. Much of the information in paragraphs 1-28 of the Appendix is readily available in the pleadings in this matter. Additional information in those paragraphs–such as the fact that BP and its subcontractors were required to comply with applicable laws– cannot conceivably be a trade secret. If other portions of Paragraphs 1 through 28 contain descriptions of protected processes and practices, BP Products and MC Industrial have not so argued with any specificity. The Motion, therefore, fails to justify its claims to secrecy in a manner sufficient to permit the Court to review them in accordance with the strict standards applicable in the Seventh Circuit.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** BP Products North America Inc's, MC Industrial, Inc.'s, and Fluor Constructors International Inc.'s Joint Motion for Reconsideration of Plaintiff's Motion to File Certain Documents Under Seal [DE 136] and

**ORDERS** that, if Plaintiff re-files Exhibits 1, 2, 3, and 4 to her Appendix, she must file them **under seal**. The photographs attached to Exhibit 2, however, must be filed openly, as a new exhibit if necessary.

The Court further **ORDERS** the Moving Defendants to confer with Plaintiff as to which lines or pages, if any, must be redacted from the deposition transcripts at Plaintiff's Exhibits 5, 9, 15, 17, and 19. If redaction of those transcripts is determined necessary to protect genuine trade secrets, the Court **ORDERS** Plaintiff to file the relevant exhibits in two versions, consisting of (1) versions that has been redacted by the parties' agreement and in accordance with applicable law and the terms of this Order; and (2) the unredacted documents, to be maintained under seal. To avoid clutter in the docket, each exhibit should not receive its own docket entry. Instead, any redacted exhibits should be filed together as one docket entry; sealed, unredacted exhibits should be filed together as another docket entry. Previously-stricken exhibits which the parties now agree to file openly should be re-filed together under one docket entry.

The Court **DENIES** BP Products North America Inc. and MC Industrial, Inc.'s Joint Motion to Seal [DE 148] **with leave to refile** a motion, under seal if necessary, explaining what specific statements in the Appendix consist of trade secrets, and why. Finally, should Defendants wish to file their replies in support of their motions for summary judgment in redacted form, they should do so by filing the replies in parallel versions, one redacted and the other unredacted and under seal, together with a motion justifying the claims of secrecy, in accordance with this Circuit's presumption in favor of judicial transparency.

SO ORDERED this 24th day of January, 2018.

s/ John E. Martin
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES MAGISTRATE JUDGE


cc:     All counsel of record